

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5069
_____

JIN LIN,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from
the Board of Immigration Appeals
BIA No: A96-338-740
Immigration Judge: Henry S. Dogin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2007

Before: SCIRICA, Chief Judge, FUENTES and CHAGARES,
Circuit Judges.

(Opinion Filed: February 6, 2007)

_____

OPINION
_____

FUENTES, <u>Circuit Judge</u>.

Jin Lin's claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) were denied by an immigration judge (IJ) and the Board of Immigration Appeals (BIA). Lin now seeks review of these decisions. For the reasons that follow, we will deny his petition.

**I.**

Inasmuch as we write this memorandum opinion only for the convenience of the parties who are familiar with the facts, we need not set forth the background of the case at length. Lin claims that in 2001 he fled political and religious persecution in China on account of his membership in Zhuan Gong, a religious group similar to Falun Gong. Lin entered the Unites States without inspection on December 24, 2001. On December 26, 2002, he applied for asylum. He was interviewed by an asylum officer on January 17, 2003. Shortly thereafter, on January 23, 2003, the Department of Homeland security issued Lin a Notice to Appear, charging him with being present in the United States in violation of the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). Lin then supplemented his petition for asylum with an application for withholding of removal and protection under CAT, and his case was brought before the IJ at a removal hearing on February 20, 2003. The IJ denied Lin's petition in its entirety, having found Lin's claim to be a Zhuan Gong practitioner to be incredible, and ordered Lin removed to China. In October 2005, the BIA dismissed Lin's appeal without opinion.

## II.

Where, as here, an opinion issued by the BIA essentially adopts the opinion of the IJ, we review the latter. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). "Factual findings, such as credibility determinations, are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 278 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Thus, on appeal, we must establish whether the BIA's factual determinations are supported by substantial evidence. Id.

Section 208(b) of the INA, 8 U.S.C. § 1158(b), gives the Attorney General discretion to grant asylum to a "refugee," under certain circumstances. Generally, a "refugee" is "any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). The burden is on the applicant to show that she or he is a refugee. 8 C.F.R. § 1208.13(a). Applicants for asylum may establish refugee status by showing either that they have been subject to past persecution or they have a well-founded fear of future persecution. The persecution, however, must be "on account of" one of the five statutory bases. 8 C.F.R. §

3

1208.13(b). An applicant who establishes that he has suffered past persecution is presumed to have a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1).

The decision to grant or deny an applicant asylum is discretionary even if the applicant establishes that she or he meets the statutory eligibility requirements. The government however, must grant withholding of removal, with certain exceptions, to an applicant if he demonstrates a clear probability of persecution—in other words, in this case, that it is more likely than not that Lin will be persecuted if he returns to China. See Gabuniya v. Att'y Gen., 463 F.3d 316, 320-21 (3d Cir. 2006). Similarly, to qualify for relief under the CAT, Lin must demonstrate that it is more likely than not that he will be tortured if he is removed to China. See id. (citing 8 C.F.R. § 208.16(c)(2)).

### III.

### A.

Lin argues on appeal that his due process rights were violated because the IJ told Lin at his hearing that he need not bother to recount his knowledge of Zhaun Gong in order to support his claimed fear of future persecution. In his oral opinion, the IJ explained that on the date of Lin's asylum interview, Lin knew nothing about Zhaun Gong and that Lin could have subsequently gained the information in preparation to testify at the hearing. The IJ then stated that even if Lin were to testify on the topic he would not give that testimony substantial weight. The IJ agreed to assume that Lin had present knowledge of Zhaun Gong practices.

As an alien facing removal, Lin is entitled to due process. Chong v. District Director INS, 264 F.3d 378, 386 (3d Cir. 2001). In adjudicative contexts such as this one, due process requires three things: "An alien: (1) is entitled to fact finding based on a record produced before the decision maker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal citation and quotation marks omitted).

We believe the IJ's request that the parties stipulate to Lin's present knowledge of Zhaun Gong did not hamper Lin's ability to make his argument because the IJ accepted that Lin possessed this knowledge. Indeed, we agree with the government that the IJ actually helped Lin to focus on more critical aspects of the case, when he suggested to Lin that he would not give general testimony about Zhaun Gong much weight. The IJ's conduct at the hearing thus comported with due process.

**B.**

Lin also contests the IJ's adverse credibility determination, which led the IJ to deny all of Lin's claims. The IJ's adverse credibility determination was threefold. First, the IJ did not believe that Lin had practiced Zhaun Gong for any period of time before arriving in the Unites States (no less, the approximately five years claimed by Lin) because according to the asylum interviewer, Lin was unable to answer any questions about Zhaun Gong practices. Second, Lin testified that after Chinese officials discovered

5

his Zhaun Gong practice, they required him to check in with the "local committee," but his asylum application stated that he had to report to the police station—two very different things in China. The IJ described this latter inconsistency as only "moderate," but based on these two inconsistencies together, he sought some corroboration of Lin's claims of Zhaun Gong practice. Thus, third, when Lin failed to produce any corroboration, the IJ found him incredible.

We have held that "the BIA may sometimes require otherwise-credible applicants to supply corroborating evidence in order to meet their burden of proof." Abdulai, 239 F.3d at 554. In Abdulai, we noted that the BIA's rule on corroboration comprises a three-part inquiry: (1) an identification of the facts for which "it is reasonable to expect corroboration;" (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so. See id.

Here, the IJ reasonably expected corroboration of Lin's story. Lin did not contest that he was unable to discuss Zhaun Gong practices at his asylum interview. Whether Lin practices Zhaun Gong goes to the heart of his claim. The IJ expected corroboration because Lin testified that several individuals, with whom he is in continuous contact, are aware of his past and present Zhaun Gong practice — these include his father in China and his current employer with whom he lives (Lin allegedly practices Zhaun Gong postures in their shared home). But Lin offered no explanation for why he did not

provide any corroborating evidence (not testimony, documents, or affidavits) from any of these readily available sources. The inconsistencies in Lin's testimony paired with his failure to corroborate his story—and no adequate explanation for that failure—lead us to conclude that substantial evidence supports the IJ's adverse credibility determination.

## IV.

Because the IJ felt Lin's claim that he practiced Zhaun Gong was "not credible, not believable, and . . . certainly not corroborated," the IJ concluded that Lin had no credible fear of past or future persecution, and certainly was under no threat of being tortured if returned to China. We find no error in these conclusions. Therefore, having determined that the remainder of Lin's arguments lack merit, we will deny Lin's petition in its entirety.